UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

                                      Crim. Case No. 11-20752

v.

                                      Hon. Sean F. Cox

Tamiko Hodo,

    Defendant.

_____/

**ORDER DENYING:**
**DEFENDANT'S MOTION TO AMEND SENTENCE ORDER (Doc. # 636),**
**DEFENDANT'S MOTION TO REDUCE SENTENCE (Doc. # 637) AND DEFENDANT'S**
**MOTION FOR SENTENCE REDUCTION (Doc. # 643)**

In Criminal Case Number 11-20752, Defendant Tomiko Hodo ("Defendant") pleaded guilty, pursuant to a Rule 11 Plea Agreement, to one count of conspiracy to possess with intent to distribute controlled substances. Defendant's Plea Agreement did not contemplate Hodo as a minor or minimal participant under U.S.S.G. § 3B1.2. The Plea Agreement stipulated to an agreed-upon guideline range of 70-87 months.

On August 16, 2013, this Court sentenced Defendant to a total term of 60 months of imprisonment. (Doc. # 437). On March 23, 2016, this Court entered an "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)." (Doc. # 604). In it, the Court granted Defendant's motion under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the Sentencing Commission pursuant to 28 U.S.C. § 994(u). Accordingly, Defendant's previously imposed sentence of imprisonment of 60 months was reduced to 57 months.

Currently before the Court are three *pro se* motions filed by Defendant, all of which seek a reduction and/or modification of Defendants' sentence: (1) "Motion to Amend Sentence Order to Split Sentence Pursuant to 18 U.S.C. 3582(c);" (2) "Motion to Amend Sentence Pursuant to U.S.S.G. 3B1.2 Retroactive Minor Role Reduction;" and (3) "Motion for Sentence Reduction Pursuant to U.S.S.G. 3B1.2." (Doc. # 636, 637, and 643). Each of Defendant's motions shall be **DENIED** for the reasons stated below.

## ANALYSIS

Defendant's motions (Doc. # 636, 637, and 643) are all related in that they seek a reduction and/or modification of Defendant's sentence. Section 3582(c) permits a modification of imprisonment in three circumstances: (1) "upon motion of the Director of Bureau of Prisons;" (2) under subsection (c)(1)(B), where such reduction is "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" or (3) under subsection (c)(2), based upon some change to the applicable sentencing guidelines. Here, Defendant argues that she is entitled to a sentence reduction based upon a change to the applicable sentencing guidelines. Specifically, Defendant contends that she is entitled to a minor role reduction in her sentence (under Amendment 794)[1] to the sentencing guidelines.

Amendment 794 was made effective on November 1, 2016 under U.S.S.G. § 3B1.2, and it directs reduction in the offense level based on the defendant's role in the offense: "(a) if the defendant was a minor participant in any criminal activity, decrease by 2 levels" and "in cases falling between (a) and (b), decrease by 3 levels." The Amendment clarified that culpability is to be determined only by reference to co-conspirators and not to a "typical offender" and the

---

[1] Although Defendant does not specifically address Amendment 794, she cites to *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), and she cites to U.S.S.G. 3B1.2's "retroactive minor role reduction" amendment.

guideline provides a non-exhaustive list of factors for the court to consider in determining whether to apply a mitigating role adjustment.

To the extent that Defendant brings her motions pursuant to 18 U.S.C. § 3582(c)(2), she is not entitled to relief. Under § 3582(c)(2), the Court has discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**." 18 U.S.C. § 3582(c)(2) (emphasis added).

Guideline 1B1.10 is a policy statement issued by the Sentencing Commission. Guideline 1B1.10(d) lists the amendments that can be retroactively applied. Amendment 794 is not on that list. A sentence reduction under Amendment 794 is therefore not "consistent with applicable policy statements issued by the Sentencing Commission." Accordingly, Defendant is not entitled to a sentence reduction/modification under 18 U.S.C. § 3582(c)(2).

And to the extent that Defendant brings her motions pursuant to 28 U.S.C. § 2255,[2] she fares no better. Defendant presumably cites *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) for the proposition that Amendment 794 applies retroactively. Although courts have applied the guideline retroactively on direct appeal, *e.g., United States v. Quintero-Leyva*, the Court is not aware of any case that has held that Amendment 794 applies retroactively on collateral review. *Klosowski v. United States*, 2016 WL 6696023, at *1 (E.D. Mich. Nov. 15, 2016) ("Amendment 794 has not, however, been held to be retroactive on collateral appeal").

---

[2] In Doc. # 637, Defendant states: "Petitioner notes that under U.S.S.G. 3B1.2 (**U.S.C. 2255**) the court can reduce her sentence if triggered by an amendment that is retroactively applied"). (Doc. # 637 at Pg ID 3407) (emphasis added).

## CONCLUSION

For the foregoing reasons, Defendant's motions (Doc. # 636, 637, and 643) are

**DENIED**.

**IT IS SO ORDERED.**

Dated: May 24, 2017                          s/Sean F. Cox
                                                                      Sean F. Cox
                                                                      U. S. District Judge

I hereby certify that on May 24, 2017, the foregoing document was served on counsel of record via electronic means and upon Tamiko Hodo via First Class mail at the address below:

Tamiko Hodo 46630039
Lexington FMC Satellite Camp
Atwood Hall
P.O. Box 14525
Lexington, KY 40512

                                                                                         S/J. McCoy
                                                                                         Case Manager